# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD DOVE, | CASE NO. 1:09-cv-01630-GSA PC |
| Plaintiff, | ORDER DISREGARDING MOTION |
| v. | (Doc. 6) |
| L. VILLA, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| Defendant. | |
| | (Doc. 1) |
| | ORDER THAT DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Leonard Dove, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 15, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.     Plaintiff's Due Process Claim

Plaintiff alleges that following his transfer to Kern Valley State Prison, Defendant Villa took his property to unit B-2 on or around May 15, 2008, although Plaintiff was not housed in that unit. When Plaintiff was subsequently given his property on June 6, 2008, a box was missing. Plaintiff alleges a claim for relief against Defendant Villa arising from the loss, misplacement, confiscation, or destruction of his property resulting from Defendant's action in moving the property to a unit where Plaintiff was not being housed.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 104 S.Ct. 3194, 3204 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, whether intentional or negligent, "[a]n unauthorized . . . deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

1  available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  California provides an available post
2  deprivation remedy, Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994), which precludes
3  Plaintiff from proceeding against Defendant Villa in this federal action for the unauthorized
4  deprivation of Plaintiff's personal property, Hudson, 468 U.S. at 533, 104 S.Ct. at 3204.

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Because the deficiency identified is not capable of being cured through amendment, leave to amend shall not be granted.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice; the Clerk's Office SHALL enter judgment; and this dismissal shall be counted as a strike under 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED.

Dated:   **February 24, 2010**                    /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's pending motion for acknowledgment of receipt of his prison trust account is ordered disregarded.  (Doc. 6.)  The Court does not issue confirmation notices when documents are filed.